UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Irene Berumen, | Case No. 24-CV-777 (PAM/ECW) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Warden Michael Segal, Dr. L. Linder, Nurse Patterson, and Officer Reihman, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Irene Berumen's (1) Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983 (Dkt. 1 ("Complaint")); and (2) Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2 ("IFP Application")). For the following reasons, the Court recommends dismissing this action without prejudice and denying the IFP Application as moot.

This action commenced on March 6, 2024, when the Court received the Complaint and IFP Application. (*See* Docket.) Berumen is a prisoner incarcerated at the Federal Correctional Institution in Waseca, Minnesota ("FCI-Waseca"). (*See, e.g.*, Dkt. 1-3 at 1.)[1] The Complaint names four defendants: Michael Segal, identified as FCI-Waseca's warden, and then "Dr. L. Linder," "Nurse Petterson," and "Officer Reihman," who apparently all also work at FCI-Waseca. (*See* Compl. 1, 4.)

---

[1]   Citations to filed materials use CM/ECF pagination.

The Complaint presents one sentence (maybe two) of substantive allegations: "I'm a victim of medical negligence, unecisary [sic] excessive force, assault[,] [d]elayed medical treatment has been present pertaing [sic] to my care."[2] (*Id.* at 4.) For relief, Berumen asks for an injunction to "[f]orce the [Bureau of Prisons] to provide" unspecified "medical treatment"; she also seeks "financial compensation." (*Id.* at 5.)

The IFP Application that Berumen submitted suggests that as a financial matter, she qualifies for *in forma pauperis* ("IFP") status here. But the federal statute governing federal-court IFP proceedings states that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss [a case proceeding IFP] at any time if the court determines that . . . the action . . . is frivolous." 28 U.S.C. § 1915(e)(2). A case is frivolous when "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *see also, e.g.*, *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002) (citing *Neitzke*). For factual frivolity, this District's courts normally find that when a complaint has no factual allegations about a given defendant, it is factually

---

[2] To be sure, Berumen has submitted about fifty pages of exhibits to the Complaint, and at least some apparently relate to her claims. (*See generally* Dkt. 1-1.) Given the Complaint's lack of specific allegations, it seems that Berumen wants the Court to look through these exhibits and find allegations and causes of action that might apply to her case. The Court will not do so. Respectfully, it is a plaintiff's burden to lay out her case. *See Murrin v. Avidigm Capital Grp., Inc.*, No. 07-CV-1295 (PJS/RLE), 2008 WL 11463468, at *10 (D. Minn. Sept. 5, 2008) (declining to look through documents to find "evidence that might establish a prima facie case" for certain claims (citing cases)); *see also, e.g.*, *Koehnen v. Scott Cnty.*, No. 23-CV-0318 (NEB/LIB), 2023 WL 3958423, at *1 n.2 (D. Minn. May 17, 2023) (same) (citing cases), *R. & R. adopted*, 2023 WL 3955350 (D. Minn. June 12, 2023); *Smith v. Hennepin Cnty. Fam. Ct.*, No. 19-CV-3100 (DSD/BRT), 2020 WL 1930555, at *1 n.2 (D. Minn. Mar. 24, 2020) (citing cases, including *Murrin*), *R. & R. adopted*, 2020 WL 1923219 (D. Minn. Apr. 21, 2020).

frivolous as to that defendant. *See, e.g.*, *Johnson v. Sullivan*, No. 23-CV-2249 (KMM/LIB), 2023 WL 9507608, at *2 (D. Minn. Nov. 29, 2023) (citing cases), *R. & R. adopted*, 2024 WL 406587 (D. Minn. Feb. 2, 2024) ("With respect to factual frivolity, this District's courts normally find that when a complaint has no factual allegations about a given defendant, it is factually frivolous as to that defendant."); *Nelson v. Ellison*, No. 23-CV-2122 (JRT/LIB), 2023 WL 7741273, at *3 (D. Minn. Oct. 27, 2023) (same), *R. & R. adopted*, 2023 WL 7697051 (D. Minn. Nov. 15, 2023).

As suggested above, the Complaint here contains no specific allegations about any defendants. It is therefore factually frivolous.[3] The Court therefore recommends dismissing this action without prejudice. Given this recommendation, the Court further recommends denying the IFP Application as moot and informing authorities where Berumen is incarcerated of her fee-payment obligations under 28 U.S.C. § 1915(b).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1. Plaintiff Irene Berumen's Complaint (Dkt. 1) be **DISMISSED WITHOUT PREJUDICE**, under 28 U.S.C. § 1915(e)(2), as frivolous.

2. Berumen's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2) be **DENIED** as moot.

3. Berumen be ordered to pay the unpaid balance—that is, $326.00—of this action's statutory filing fee in the manner prescribed by 28

---

[3] The Court specifically warned Berumen of this problem in an earlier order. (*See* Dkt. 3 at 2 n.2.)

U.S.C. § 1915(b)(2), and the Clerk of Court ordered to provide notice of this requirement to the authorities at the institution where Berumen is confined.

Dated: April 17, 2024                    *s/Elizabeth Cowan Wright*
                                          ELIZABETH COWAN WRIGHT
                                          United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).